## Brenes v. Hartman & Co.

Apelación procedente de la Corte de Distrito de Guayama.

No. 687.—Resuelto en mayo 15, 1911.

Costas Devengadas bajo la Antigua Ley de Enjuiciamiento Civil—Ordenes Apelables—Providencia Especial Después de una Sentencia Definitiva.—Una resolución denegando una moción para que los autos se envíen nuevamente a dos abogados para que emitan dictamen sobre la minuta de

honorarios y costas devengados bajo la antigua Ley de Enjuiciamiento Civil, y ordenando que el asunto se archive, es apelable por tener el carácter de providencia especial dictada después de una sentencia definitiva y cae dentro del párrafo tercero del artículo 295 del Código de Enjuiciamiento Civil.

Id.—Término para Cobrar Costas—Ejecución de Sentencia.—Los preceptos del artículo 239 del nuevo Código de Enjuiciamiento Civil son aplicables en cuanto a la limitación del tiempo dentro del cual pueden cobrarse las costas y honorarios de abogados devengados antes del 1º. de julio de 1904 y constituyendo el cobro de costas una ejecución de parte de la sentencia, no puede verificarse dicho cobro después de transcurridos cinco años a contar desde la fecha en que se dicte la sentencia en virtud de la cual se interesa el cobro de costas.

Aplicación del Nuevo Código de Enjuiciamiento Civil a Procedimientos Pendientes al Empezar a Regir—Cobro de Costas.—Las leyes de procedimiento son de carácter público y sus disposiciones rigen tan luego entran en vigor aunque los pleitos hubieran comenzado bajo una ley distinta, á menos que dispusieran lo contrario; y si tal ley contiene alguna disposición respecto al tiempo en que una sentencia debe cumplirse, ella es aplicable á las obtenidas bajo una ley anterior, aunque en ésta fuera distinta o no estuviera consignada.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Tomás Bernardini de la Huerta.*

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

En el Tribunal de Distrito de Humacao se siguió un pleito por *José Brenes* v. *A. Hartman y Cía.* sobre nulidad de contrato e indemnización, que fué fallado por dicho tribunal en 28 de marzo de 1904 en contra del demandante, cuya sentencia confirmó la Corte Suprema en 2 de mayo de 1905, con imposición de las costas al apelante Brenes.

Trasladado ese asunto a la Corte de Distrito de Guayama, el abogado de A. Hartman y Cía., fundándose en que la mayor parte de las costas habían sido causadas antes de empezar a regir en 1º. de julio de 1904 el Código de Enjuiciamiento Civil, y en lo resuelto en el caso de *María Ríos, Vda. de Rubio* v. *Patricia Ríos de Noya,* decidido por este Tribunal Supremo, pidió que las costas fueran tasadas de acuerdo con la Ley de Enjuiciamiento Civil antigua, y al mismo tiempo presentó una

petición de *injunction* para que a Brenes se le prohibiera disponer de sus bienes.

La solicitud de *injunction* fué negada, y apelada la resolución la confirmó este Tribunal Supremo en 19 de febrero de 1906.

Presentada impugnación a la minuta de honorarios del abogado de A. Hartman y Cía., se ordenó por la corte de distrito en 14 de septiembre de 1905, que los autos originales se remitiesen a dos abogados de San Juan para que emitieran su dictamen de acuerdo con el artículo 426 de la antigua Ley de Enjuiciamiento Civil. Los autos fueron realmente enviados y devueltos a la corte, pero no existe en ellos dictamen de de los abogados. Desde entonces nada nuevo se hizo en ese pleito hasta que en 26 de diciembre de 1910 se presentó por A. Hartman y Cía. por medio de su abogado la siguiente moción:

AL HON. JUEZ DE DICHA CORTE.

"Comparecen A, Hartmann & Cía., demandados en este caso por el abogado que suscribe, en el incidente que motiva el cobro de costas por ejecutoria y alegan:

1. Que con fecha 16 de septiembre de 1905 y por virtud de sentencia superior firme, y ejecutoria, el abogado de los demandados presentó su minuta de honorarios y costas causadas en el procedimiento arriba intitulado, cuyo exacción debía tener lugar con arreglo al antiguo procedimiento de enjuiciar y cuya ascendencia era de $12.87, la de costas ,y $1,626 la de honorarios.

"2. Que impugnadas dichas minutas por el Sr. José Brenes Larroche, parte contraria, la honorable corte dictó una orden con fecha 6 de octubre de 1905, disponiendo pasaran los autos a los letrados Don Juan Hernández López y Don Jacinto Texidor de San Juan, para su examen e informe.

"3. Que dichos letrados rindieron su informe en sentido favorable para vuestros peticionarios toda vez que encontraron justos y razonables los honorarios fijados, y ese informe no aparece del *record*, pero consta el escrito de esta parte de fecha 16 de octubre de 1905, en que se acompañaba.

"4. Que los peticionarios por virtud de dicho extravío se les hace necesario vuelvan los autos originales nuevamente a poder de dichos peritos con objeto de que los examinen y rindan nuevo informe.

"Por lo que, suplican se sirva dictar una orden para que el secretario de la corte remita dichos autos a los letrados peritos Sres. Hernández López y Texidor con el indicado fin de emitir su informe sobre dichas minutas de costas y honorarios.

"San Juan de Puerto Rico, diciembre 24 de 1910.    Firmado. Rafael López Landrón.

"No. 101. Jurado y suscrito ante mí por Rafael López Landrón, vecino de San Juan, abogado en ejercicio, a quien conozco, en San Juan, hoy 24 de diciembre de 1910.    E. de J. López Gaztambide, Notario Público.    Recibida en Secretaría el día 26 de diciembre de 1910.    Mestre, Secretario."

La resolución de la corte a esa moción, fué desestimándola y ordenando el archivo del asunto, y contra ella se estableció en 1º. de marzo siguiente recurso de apelación para ante esta Corte Suprema, donde se ha presentado una transcripción de los autos que contiene la moción, la resolución de la corte con sus fundamentos y el escrito de apelación.

Los hechos que hemos consignado y que no aparecen de la moción de la parte apelante, han sido tomados de los que relaciona el juez inferior para basar su resolución y que el apelante en su alegato acepta como ciertos, pues le sirven de base para su discusión.

Entendemos que contra la resolución apelada puede establecerse el recurso interpuesto, porque el número 3º. del artículo 295 del Código de Enjuiciamiento Civil concede apelación contra una providencia especial dictada después de una sentencia definitiva, cuyo carácter indudablemente tiene la resolución recurrida, porque al negar que los autos se envíen nuevamente a dos abogados para que emitan dictamen sobre la minuta de honorarios y costas, y ordenar que el asunto se archive, pone término al asunto de si pueden cobrarse o nó las costas en ese pleito.

La cuestión planteada es, si habiendo quedado paralizados los autos para cumplir la sentencia, desde 16 de septiem-

bre de 1905 hasta que se presentó en 26 de diciembre de 1910 la moción que motiva este recurso, pueden ahora continuarse los procedimientos para el cobro de costas, y también si la paralización de los autos ha de contarse desde la primera fecha citada, o desde el 19 de febrero de 1906 en que el Tribunal Supremo confirmó la resolución de la corte inferior que negó una petición de *injunction* del demandado A. Hartman y Cía. para que se prohibiera a Brenes enajenar sus bienes.

Es cierto que este Tribunal Supremo tiene resuelto en el caso antes citado y en otros, que el cobro de las costas, anteriores a 1º. de julio de 1904 en que empezó a regir el actual Código de Enjuiciamiento Civil ha de hacerse por los trámites de la antigua Ley de Enjuiciamiento Civil, doctrina que aplicó la corte inferior cuando en 14 de septiembre de 1905 ordenó que los autos se remitieran, y en efecto se enviaron a dos abogados para que emitiesen informe de acuerdo con el artículo 426 de la ley antigua de procedimientos civiles, informe que no existe en los autos.

La corte inferior en su resolución apelada no desconoció esa doctrina y el motivo de ella fué de muy distinta índole, cual es, que después del tiempo transcurrido no pueden cobrarse las costas provenientes de la sentencia.

Este Tribunal Supremo en los casos de *María Ríos* v. *Petronila Ríos,* y *Sobrinos de Portilla* v. *Quiñones,* decidido respectivamente en 25 de marzo de 1905 y 19 de febrero de 1906, resolvió que los honorarios de los abogados, devengados con anterioridad al Código de Enjuiciamiento Civil, estan sujetos a las prescripciones de la antigua ley procesal en cuanto a la tasación de costas se refiere.

Estas resoluciones no tienen más alcance que, como ellas dicen, la regulación de las costas se haga por la ley vigente cuando se devengaron, pero no que las disposiciones del actual Código de Enjuiciamiento Civil dejen de ser aplicables en cuanto a la limitación del tiempo dentro del cual pueden cobrarse.

Después de la Ley de Enjuiciamiento Civil antigua, el nue-

vo Código sobre la materia dispone en su artículo 239, que la parte a cuyo favor se hubiera dictado una sentencia, podrá en cualquier tiempo, dentro de los cinco años de registrada, obtener una orden de ejecución para su cumplimiento. Y en realidad lo que pretende el apelante es cumplir la sentencia en cuanto a costas se refiere, que es una parte de ella, y en donde su derecho está reconocido; de suerte que el tratar de cobrar las costas, es tratar de cumplir esa sentencia, y la pretensión de que dos abogados dictaminen respecto a las costas, indudablemente es dar un paso para determinar su cuantía para cobrarlas. No otro alcance tiene la moción del apelante.

Las leyes de procedimientos son de carácter público y sus disposiciones rigen tan luego entran en vigor, aunque los pleitos hubieran comenzado bajo una ley distinta, a menos que dispusieren lo contrario; y si tal ley contiene alguna disposición respecto al tiempo en que una sentencia puede cumplirse, ella es aplicable a las obtenidas bajo una ley anterior, aunque en ésta fuere distinto o nó estuviere consignado. Podría entonces considerarse como un término de prescripción o de duración de un derecho, que la Legislatura tiene facultad para establecer, siempre que conceda un término razonable para su ejercicio. Respecto de este punto nos referimos al caso de *Rijos* v. *Folgueras,* decidido en 21 de junio de 1910 y en el que se citan numerosas sentencias sobre el particular.

Por consiguiente, el término durante el cual puede cumplirse la sentencia dictada en este caso, debe regularse por las disposiciones del actual Código de Enjuiciamiento Civil.

El artículo 239 citado antes, autoriza la ejecución dentro de los cinco años de dictada, que es un término bastante razonable, y el 243 permite sin embargo, que cuando no se trate de sentencias en cobro de dinero, aun después de los cinco años, puede ejecutarse la sentencia si la corte la autoriza.

Ahora bien, la sentencia que quedó firme en este pleito, es de 2 de mayo de 1905, desde cuya fecha pudo cumplirse y desde ella deben contarse los cinco años de la ley, y no

desde el 19 de febrero de 1906, en que se resolvió definitivamente un *injunction* del demandado y en su contra, porque no siendo ésta la sentencia que trata de ejecutarse, sino la otra de mayo de 1905, no hay para que tenerla en cuenta sino la que ha de ser objeto de la ejecución.

No apreciaremos tampoco las gestiones que para cumplirla se hicieron en septiembre y octubre de 1905, porque contándose el término, según la ley, desde que se hubiere dictado la sentencia, este y no otro ha de ser el punto de partida para contar los cinco años, a parte de que en este caso, no es esa cuestión importante, porque aunque de ellos se partiera para contar los cinco años, también estos habrían transcurrido.

En consecuencia, habiendo pasado más de cinco años de la sentencia cuando se presentó la moción de 26 de diciembre de 1910, que tiende a ejecutarla, el juez de la corte no cometió error al desestimarla y al ordenar el archivo de los autos.

Y que tal moción era sencillamente para ejecutar el fallo y no de petición de permiso para extensión del término de ejecución, lo comprueba su redacción, a parte de que habiendo declarado la sentencia sin lugar la nulidad del contrato y la indemnización que se pedía, quedó limitada a una sentencia por las costas o sea en cobro de dinero, que según la excepción del artículo 243 no puede nunca cumplirse pasados cinco años.

Por estas razones, la resolución apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.