Arbona Hermanos, Demandantes y Apelados, *v.* H. C. Christianson & Company, Demandados Apelados, y Cadierno et al., Fiadores Apelantes.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre rescisión y daños y perjuicios.

No. 1732.—Resuelto en abril 15, 1918.

Aseguramiento de Sentencia—Fiadores—Responsabilidad.—El derecho contra un fiador no se causa propiamente ni puede hacerse efectivo sino cuando después de quedar firme la sentencia pronunciada en el juicio, se devuelve sin cumplimiento la orden de ejecución librada contra el deudor. Entonces y no antes es cuando puede ejercitarse contra el fiador la acción de fianza para hacer efectiva su responsabilidad subsidiaria.

ID.—LEY DE ABRIL 13, 1916.—CONTRATOS OTORGADOS CON ANTERIORIDAD—PROCEDIMIENTO.—La ley No. 27 de abril 13, 1916 es de carácter adjetivo o procesal y no altera bajo concepto alguno los términos de un contrato de fianza otorgado con anterioridad a la promulgación. Sólo afecta al procedimiento que debe seguirse para la ejecución de la sentencia.

PROCEDIMIENTOS JUDICIALES—ESTATUTOS—ACCIONES PENDIENTES A LA FECHA DE SU APROBACIÓN.—Los estatutos destinados a cambiar el modo en que hayan de verificarse los procedimientos judiciales cuando el cambio afecte al método de ejercitar un derecho y no al derecho mismo, se han de interpretar como aplicables a causas de acción que surgieron antes de la aprobación del estatuto, al igual que a las que surgieron después, y se ha sostenido generalmente que tales estatutos son también de aplicación a las acciones que estuviesen pendientes a la fecha de la aprobación del estatuto a falta de alguna cláusula en contrario.

ID.—ID.—DEJACIÓN, SUSTITUCIÓN O ADICIÓN AL REMEDIO DE UN ACREEDOR—OBLIGACIÓN NO DESVIRTUADA.—Es principio generalmente admitido que si se deja, sustituye o añade alguna disposición al remedio existente a favor de un acreedor, la obligación contenida en el contrato no queda desvirtuada.

CONSTITUCIÓN FEDERAL—DEBIDO PROCEDIMIENTO.—La cláusula de la Constitución Federal referente al debido procedimiento no controla las meras formas de procedimiento siempre que los requisitos fundamentales de la notificación y de la oportunidad para defenderse sean cumplidos.

EMPLAZAMIENTO—OMISIÓN DEL NOMBRE DEL ABOGADO DEL DEMANDANTE—MERA IRREGULARIDAD—APELACIÓN.—La falta del nombre del abogado del demandante en el emplazamiento, es una mera irregularidad que puede aprovecharse compareciendo ante la corte y pidiendo que subsane el defecto, pero éste no puede alegarse por primera vez en apelación.

Los hechos están expresados en la opinión.

Abogado de los fiadores apelantes: *Sr. O. B. Frazer.*

Abogado de los demandantes apelados: *Sr. José Tous Soto.*

Abogados de los demandados apelados: *Sres. Rounds, Hatch, Dillingham & Debevoice.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente es una apelación en procedimiento sobre cobro de fianza.

En 22 de septiembre de 1914, la sociedad mercantil Arbona Hermanos radicó demanda ante la Corte de Distrito de Ponce contra H. C. Christianson & Company con súplica de que se declarara rescindido un contrato de compraventa de

500 sacos de azúcar refinado que ambas partes habían celebrado, condenándose además a los demandados al pago de la suma de $1,000 en concepto de indemnización de daños y perjuicios por incumplimiento de dicho contrato y también en costas, desembolsos y honorarios de abogado.

En la propia fecha la parte demandante presentó una moción de embargo para asegurar la efectividad de la sentencia, cuya pretensión le fué concedida en el mismo día, decretándose el embargo de bienes de la demandada previa fianza de $2,000, suficientes a cubrir la suma reclamada de $1,000 y $200 más para cubrir desembolsos y honorarios.

El embargo fué practicado en 184 sacos de azúcar refinado; y a moción de la demandada, el embargo se dejó sin efecto mediante fianza que prestaron los comerciantes de esta ciudad de San Juan, Segundo Cadierno y Manuel Gómez en octubre 1°. de 1914, hasta la suma de $1,200.

Anotada en 5 de enero de 1915 la rebeldía de la sociedad demandada se dictó contra ella sentencia en 30 de enero citado por la que se condena a H. C. Christianson & Company a pagar a los demandantes Arbona Hermanos la cantidad de $1,000 en concepto de indemnización por daños y perjuicios derivados del incumplimiento del contrato, con las costas, desembolsos y honorarios del abogado de los demandantes.

Por resolución de 19 de mayo de 1915, la corte de Ponce desestimó la moción de la parte demandada para abrir la rebeldía, anular la sentencia dictada y cancelar la fianza, por no tener jurisdicción sobre la demandada, cuya resolución en grado de apelación fué confirmada por esta Corte Suprema en 28 de enero de 1916. 23 D. P. R. 493 y 501.

Posteriormente la demandada presentó otra moción a la corte de Ponce para que se dejara sin efecto la sentencia de rebeldía, fundándose en que la comparecencia hecha a su nombre en la moción para sustituir el embargo con una fianza no fué hecha por abogado autorizado, y habiendo sido denegada aquella moción por resolución de 19 de mayo de 1916,

la resolución fué apelada y desestimado el recurso por sentencia de esta Corte Suprema de marzo 16, 1917.   25 D. P. R. 1 y 18.

En moción de 8 de julio de 1916 la demandante había solicitado de la corte de Ponce que se librara orden de ejecución contra la demandada H. C. Christianson & Company y que en el caso de no encontrarse bienes suficientes de su propiedad se embargaran bienes a los fiadores para cubrir el montante de la sentencia.   Los apelantes en el presente caso, Cadierno y Gómez, afirman en su alegato que la ejecución no se efectuó por haber pendiente apelación ante el Tribunal Supremo, y que por entonces no se dieron pasos algunos contra los fiadores.

Volvieron Arbona Hermanos a presentar nueva moción a la corte reproduciendo la anterior de 8 de julio de 1916 por la razón de que la apelación interpuesta por la demandada contra la orden de dicha corte de 19 de mayo de 1916, había sido declarada sin lugar por el Tribunal Supremo, y entonces la corte de Ponce por resolución de 9 de abril de 1917 dispuso que se "expidiera orden de ejecución para hacer efectiva la sentencia en cuanto al importe de ella y memorándum de costas sobre bienes de la demandada, y que en el caso de no encontrarse bienes propios de la demandada suficientes a cubrir el montante de la sentencia, intereses legales desde su pronunciamiento, y montante del *bill* de costas aprobado, se procediera al embargo y venta de los bienes de los fiadores, no excediendo dicho embargo de mil doscientos dollars ($1,200) importe de la fianza."

El mandamiento de ejecución en la forma ordenada fué expedido al márshal de la Corte de Distrito de San Juan en 25 de abril de 1917; pero el mandamiento en la parte relativa a los fiadores no fué cumplimentado por haber solicitado del márshal la representación de Arbona Hermanos que se abstuviera de hacerlo, con el fin de ajustar el procedimiento estrictamente a las disposiciones de la Ley No. 27 de 19 de abril de 1916 y a los preceptos complementarios de la misma

contenidos en los artículos 307 al 312, inclusive, del Código de Enjuiciamiento Civil, como así lo manifestó la demandante en moción de 26 de mayo de 1917, en la que, alegando además que la sentencia no había sido satisfecha en todo ni en parte, como así se hacía constar en *affidavit* del abogado, suplica que de acuerdo con las disposiciones legales citadas se expida un emplazamiento dirigido a los fiadores Segundo Cadierno y Manuel Gómez en el cual se describiera la sentencia y se requiriera a dichos fiadores para que muestren causa, si alguna tuvieren, dentro del término legal correspondiente, según el sitio en que se verifique el diligenciamiento, para que no los obligue la sentencia dictada en el caso contra H. C. Christianson & Company.   La corte accedió a lo solicitado por orden de 28 de mayo de 1917.   El emplazamiento se hizo a los fiadores, y habiéndoles sido anotada la rebeldía en 22 de junio de 1917, por no haber comparecido dentro del término legal después de emplazados, a petición de la sociedad demandandante se registró sentencia contra ellos en 23 de junio de 1917, "obligándolos a pagar mancomunada y solidariamente a la sociedad demandante Arbona Hermanos el montante de su fianza ascendente a $1,200, a cuyo efecto se expediría oportunamente mandamiento al márshal para hacerla efectiva."

Esa sentencia ha sido apelada para ante esta Corte Suprema por la representación de Segundo Cadierno y Manuel Gómez.

Alega la parte apelante como motivos del recurso los siguientes:

I. Que la sentencia dictada contra los fiadores es defectuosa porque la Ley de 13 de abril de 1916 no es aplicable al caso y no justifica dicha sentencia.

II. Que la sentencia apelada infringe la Séptima Enmienda a la Constitución de los Estados Unidos.

III. Que la sentencia apelada infringe la prohibición contenida en la Constitución de los Estados Unidos, de que no se privará de la propiedad sin el debido procedimiento de

ley y la prohibición contra el quebrantamiento de contratos; infringiendo también el artículo 2 de nuestra Ley Orgánica de 2 de marzo de 1917.

IV. Que la sentencia apelada es defectuosa porque nunca se expidió orden de ejecución contra el demandado antes de expedirse citación contra los fiadores.

V. Que la sentencia apelada no se ajusta a las disposiciones de la Ley de abril 13, 1916.

VI. Que la sentencia apelada es defectuosa porque la citación en que se basa no se ajusta a la ley.

Para sostener el primer motivo del recurso alega la parte apelante que habiéndose prestado la fianza en octubre 1º. de 1914, y sido aprobada en 13 de abril de 1916, la ley que sirve de fundamento a la sentencia, esa ley no puede regular el caso a menos que se le de efecto retroactivo contra el precepto del artículo 3º. del Código Civil.

Opinamos que la Ley No. 27 de 13 de abril de 1916 es la reguladora del caso, sin que por ello se le dé efecto retroactivo.

Esa ley, que enmendó la ley para asegurar la efectividad de sentencias, según fué aprobada en marzo 1º., 1902, enmendada por la ley posterior de marzo 12, 1903, dispone en su sección 2ª. que la sección 16 de la referida ley (5248 de la Compilación) quede derogada, y en su lugar se insertará lo siguiente:

"Una vez firme la sentencia pronunciada a favor del litigante que hubiere obtenido un mandamiento de embargo para asegurar la efectividad de dicha sentencia, si el expresado mandamiento de embargo se hubiere suspendido o dejado sin efecto a virtud de fianza o consignación, se dispondrá la confiscación de la fianza a favor de dicho litigante, y se expedirá orden de ejecución contra la parte condenada por la sentencia. Si la orden de ejecución fuere devuelta sin cumplimentar en todo o en parte, se expedirá nueva orden de ejecución contra los fiadores por el remanente que no haya sido satisfecho, siguiéndose contra los fiadores el procedimiento establecido en los artículos 307 a 312, ambos inclusive, del Código de Enjuiciamiento Civil."

En la sección 3ª. se dispone que la expresada Ley No. 27 regirá inmediatamente después de su aprobación, la cual según se deja indicado tuvo lugar en 13 de abril de 1916.

La fianza prestada por Segundo Cadierno y Manuel Gómez en 1º. de octubre de 1914, en la parte conducente dice así:

"Por tanto, nosotros, Segundo Cadierno y Manuel Gómez, nos obligamos y obligamos a nuestros herederos, sucesores o administradores, a pagar a la demandante Arbona Hermanos la cantidad de $1,200 o cualquiera otra inferior a la misma. La anterior obligación la constituímos libremente para responder a la demandante de la efectividad de la sentencia que en el presente caso haya de recaer, si es que la corte decide el litigio en su favor, siendo entendido que recayendo sentencia en favor de la demandada, quedará nula esta fianza."

El derecho de Arbona Hermanos contra los fiadores, si bien reconoce por origen el contrato de fianza constituída en 1º. de octubre de 1914, no se causó propiamente ni pudo hacerse efectivo sino cuando después de haber quedado firme la sentencia pronunciada en el juicio, fué devuelta sin cumplimiento la orden de ejecución librada contra el deudor. Entonces y no antes es que pudo ejercitarse contra los fiadores la acción de fianza para hacer efectiva su responsabilidad subsidiaria. Ese es el texto de la ley y a él debemos atenernos. La sentencia se pronunció en 30 de enero de 1915, y aunque no fué apelada, fueron interpuestos recursos de apelación contra resoluciones de la Corte de Distrito de Ponce de 19 de mayo de 1915 y mayo 19, 1916, en que estaba envuelta la cuestión legal de nulidad de dicha sentencia y que impedían por tanto su cumplimiento hasta que se resolvieran esos recursos, de los cuales el último fué resuelto en 16 de marzo de 1917, cuando ya estaba vigente la ley de 13 de abril de 1916. Hasta la fecha de la decisión de ese último recurso por la Corte Suprema no puede decirse que quedó firme y en condiciones de ser ejecutada la sentencia de 30 de enero de 1915, y por tanto la ley aplicable al caso era la que regía en 16 de marzo de 1917 o sea la No. 27 de 13 de abril de 1916.

La circunstancia de que la obligación de fianza fuera cons
tituída en 1º. de octubre de 1914, en cuya fecha no podía dic-
tarse sentencia contra los fiadores sin una acción ejercitada
en forma en la cual tendrían los fiadores todas las defensas
que hubiera podido aducir el demandado o deudor princi-
pal, entre éstas, la celebración del juicio en el distrito de
su residencia o sea en San Juan, el derecho a ser juzgados
por jurado, y la falta de jurisdicción sobre la persona del
demandado principal, según alega la representación de la
parte apelante, nada arguye contra la aplicación al caso de
la Ley No. 27 de 13 de abril de 1916, aún en el supuesto de
que tales alegaciones fueran admisibles.   Dicha ley, como
su texto indica, es de carácter adjetivo o procesal y no altera
bajo concepto alguno los términos del contrato de fianza
otorgado en octubre 1º. de 1914.   Sólo afecta al procedi-
miento que debe seguirse para la ejecución de la sentencia.

Los estatutos destinados a cambiar el modo en que hayan
de verificarse los procedimientos judiciales cuando el cam-
bio afecte al método de ejercitar un derecho y no al derecho
mismo, se han de interpretar como aplicables a causas de
acción que surgieron antes de la aprobación del estatuto, al
igual que a las que surgieron después, y se ha sostenido ge-
neralmente que tales estatutos son también de aplicación a
las acciones que estuviesen pendientes a la fecha de la apro-
bación del estatuto a falta de alguna cláusula en contrario.
Sección 26, Am. & Eng. Enc. of law, 695, y casos que se citan.

Repetimos que la ley No. 27 de abril 13, 1916, afecta al
método de ejercitar el derecho de fianza y no al derecho
mismo.   Dicha ley no tiene cláusula de reserva, y según su
sección 3ª. debía regir desde la fecha de la aprobación.

Siendo dicha ley la aplicable al caso, bajo cualquier as-
pecto que se la considere, por las razones expuestas, en vir-
tud de tales razones tenemos que llegar también a la conclu-
sión de que carecen de fundamento sólido los motivos 2º. y
3º. en que se apoya el recurso.

La ley de 13 de abril de 1916, como hemos dicho antes, no afecta a derecho sustancial alguno de los fiadores, ni quebranta el contrato de fianza, pues es principio generalmente admitido que si se deja sustituye o añade alguna disposición al remedio existente a favor de un acreedor la obligación contenida en el contrato no queda desvirtuada. *Bronson* v. *Kinzie et al.,* 1 How. 310, 311; *Tennessee* v. *Sneed,* 96 U. S. 69, 74; *N. O. City & Lake R. R. Co.* v. *New Orleans,* 157 U. S. 219; *State Savings Bank of Detroit* v. *Matthews,* 123 Mich. 56; 6 R. C. L. 356 *et seq.;* 6 id. 294, 305, 309.

Los fiadores en virtud de dicha ley han tenido su día en corte en que han podido ser oídos y alegar sus defensas sin que por ello puedan quejarse de que les ha faltado el debido procedimiento de ley. La cláusula de la Constitución Federal referente al debido procedimiento no controla las meras formas de procedimiento siempre que los requisitos fundamentales de la notificación y de la oportunidad para defenderse sean cumplidos. *Louisville & Nashville R. R. Co.* v. *Schmidt,* 177 U. S. 230, y *Torres* v. *Lothrop, Luce & Company,* 231 U. S. 171.

La ley de 13 de abril de 1916 ha tenido debido cumplimiento y no son admisibles las alegaciones hechas por los apelantes al razonar el 4º. y 5º. motivos del recurso, de que no se expidió orden de ejecución contra H. C. Christianson & Co. antes de expedirse citación contra los fiadores, y de que no se decretó la confiscación de la fianza.

Ciertamente que la primera orden de ejecución o sea la de 25 de abril de 1917, nos referimos al cuarto motivo del recurso, fué expedida conjuntamente contra H. C. Christianson & Company y contra los fiadores, y en cuanto a éstos era realmente nula; pero no sucede lo propio respecto de los deudores, y si era válida contra éstos, estaba autorizada la expedición de una orden de ejecución contra los fiadores al ser devuelta la primera sin diligenciar por carecer de bienes los deudores, en consonancia con los preceptos del Código de Enjuiciamiento Civil que la ley de 13 de abril de 1916

declara aplicables al caso.   Que la confiscación de fianza se hizo, nos referimos al 5º. motivo del recurso, lo demuestra claramente la sentencia dictada contra los fiadores en 23 de junio de 1917 obligándolos a pagar el montante de la fianza después de haberse expedido sin éxito favorable orden de ejecución contra la parte condenada por la sentencia.   La ley fué cumplida sustancialmente y no importa que por modo expreso no se decretara la confiscación de la fianza que prácticamente fué confiscada.

En cuanto al 6º. motivo del recurso, es cierto que Cadierno & Gómez sólo se obligaron a pagar a Arbona Hermanos la cantidad de $1,200 o cualquiera otra inferior a la misma para responder a la demandante de la efectividad de la sentencia que en el caso recayera decidiéndose el litigio en su favor, y que en el emplazamiento se les apercibía de dictarse sentencia contra ellos, si no comparecían en término a alegar sus defensas, condenándoles al pago del montante de la sentencia recaída ascendente a la suma de $1,000 de principal y de $221.82 por costas, gastos, desembolsos y honorarios de abogado, cuyas partidas dan el total de $1,221.82, cantidad superior a la de la fianza; pero en el mismo emplazamiento se consignó la cláusula "hasta el montante de $1,200 de la fianza," y por tanto no puede afirmarse que fueran apercibidos de cobro de una cantidad superior a la que estaban obligados a pagar en virtud del contrato de fianza.

La falta del nombre del abogado de la demandante en el emplazamiento, de que se quejan los apelantes, es una mera irregularidad de que los fiadores pudieron aprovecharse compareciendo ante la corte y pidiendo que se subsanara el defecto, pero éste no puede alegarse por primera vez en apelación. *Serrano* v. *Berdiel, et al*, 22 D. P. R. 445.

Por el juicio que hemos formado del caso ocioso se hace considerar y decidir si los preceptos del Código de Enjuiciamiento Civil a que se refiere la ley de 13 de abril de 1916, serían también aplicables a un caso como el presente antes de

la aprobación de la expresada ley, cuya cuestión ha sido levantada por la parte apelada.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf firmó "conforme con la sentencia."

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

Existía alguna duda en mi mente acerca de si la intención de la legislatura con respecto a la ley que discutimos era hacerla aplicable a las sentencias que se dictaran antes de su promulgación. Pero una cuidadosa lectura me ha convencido de que el pensamiento legislativo estaba puesto en la efectividad de cualquier sentencia, dictada o no, más bien que en las de acciones futuras o pendientes de ser entabladas. De acuerdo con la sección primera de la Ley de abril 13, 1916, la "petición" puede ser hecha después del fallo, y no hay razón para limitar un embargo solamente a las reclamaciones que han de ser hechas efectivas. En otras palabras, se menciona generalmente a las sentencias, sin que se demuestre razón para excluir a ninguna. Esta conclusión queda robustecida por el hecho de que el texto español de la sección 2 de dicha ley dice *firme* en lugar de "final," indicando así una sentencia que podría ser final pero no ejecutable como en este caso.

Establecida esta premisa, no tengo dudas sobre el poder de la legislatura para hacer el remedio aplicable a sentencias dictadas, bajo el principio corriente de que si se deja, sustituye o añade alguna disposición al remedio existente a favor de un acreedor, la obligación contenida en el contrato

no queda desvirtuada. Y estoy conforme con la jurispruden-
cia citada por la corte, en cuyo análisis tomé parte.

Además el récord muestra que los apelantes comparecie-
ron ante la corte, no para protestar de la falta de jurisdic-
ción de la corte sobre ellos, sino para negar la jurisdicción
sobre el demandado principal. Los apelantes, en res-
puesta a los emplazamientos expedidos en este caso, tuvie-
ron una oportunidad para levantar su defensa especial y no
lo hicieron. Algunas de las consideraciones de la corte en
el caso de *Louisville & Nashville R. R. Co.* v. *Schmidt,* 177
U. S. 230, son aplicables cuando una parte ha comparecido sin
hacer tal defensa especial. Véase también *Pease* v. *Rathbun-
Jones Eng. Co.,* 243 U. S. 280.

Por ser algunos de mis razonamientos distintos a los es-
tablecidos por la corte, es que los expongo en esta opinión
concurrente.