United States Casualty Co., demandante y apelada, *v.* Juan Méndez Pérez, demandado y apelante.

No. 4388.—*Visto:* Abril 19, 1928. *Resuelto:* Diciembre 24, 1928.

*Salvador Suau,* abogado del apelante; *Oscar Souffront,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En este caso está envuelto el derecho a obtener el traslado del pleito. The United States Casualty Company cumplió con los términos de una póliza de seguro reparando un automóvil. Alegando que quedaba subrogada en los derechos del asegurado en la citada póliza, dicha United States Casualty Co. entabló un pleito contra Juan Méndez Pérez. Se alegaba además que la causa de acción del asegurado surgió con motivo de la negligencia del demandado en el momento de ocurrir la colisión entre el automóvil del asegurado y el autocamión del demandado. Para asegurar la efectividad de la sentencia, la demandante embargó un vehículo perteneciente al demandado.

El demandado, llamándose a sí mismo con ese nombre, después de alegar que comparecía especialmente a los solos efectos de la moción, y sin someterse a la jurisdicción ni a la competencia de la corte, solicitaba el levantamiento del embargo mediante la prestación de una fianza. La moción fechada agosto 8, 1927, estaba firmada "Salvador Suau, por Rafael O. Fernández, abogado del demandado." La Corte de Distrito de Mayagüez declaró la moción con lugar con fecha 9 de agosto, 1927.

El día 10 de dicho mes el demandado excepcionó la demanda, radicó un *affidavit* de méritos y solicitó el traslado del caso a la Corte de Distrito de Aguadilla donde se alegaba que residía el demandado. La Corte de Distrito de Mayagüez declaró sin lugar la moción de traslado fundándose en el caso de *Ramos* v. *Lloveras,* 36 D.P.R. 685, o en los puntos tratados en el mismo. La cuestión esencialmente resuelta en dicho caso fué que un demandado que radica una moción de traslado que no va acompañada siquiera con una excepción previa o por una contestación, y que por otra parte cumplía con la ley, podía insistir en su derecho al traslado, y más particularmente, guiándonos por el sumario, a que su moción fuese resuelta antes de procederse a la vista del caso. En aquél no había cuestión de renuncia similar a la del presente caso. En realidad ese caso favorecía el derecho general que tiene un demandado a solicitar el traslado de un caso y resolvió que tal derecho debe ser interpretado liberalmente. Sin embargo, el estatuto que autoriza el traslado de un pleito fué, según se dice en el curso de la opinión, interpretado a la luz de su historia y del antiguo procedimiento de California que requería que la cuestión fuese levantada en primera oportunidad, o en el momento en que el demandado comparecía por primera vez en el litigio. Hasta ese extremo el *ratio decidendi* tiende a sostener la conclusión a que llegó el juez de distrito, a menos que el presente caso deba considerarse como una excepción a la regla general.

La cuestión que tenemos ante nuestra consideración es si un demandado que comparece ante la corte a solicitar el levantamiento de un embargo efectuado sobre bienes de su propiedad renuncia su derecho a insistir en el traslado del pleito, al radicar más tarde una moción en tal sentido. En otras palabras, ¿se sometió el demandado a la jurisdicción de la corte de Mayagüez?

Los artículos pertinentes del Código de Enjuiciamiento Civil leen como sigue:

"Artículo 77.—Se entenderá hecha la sumisión:
1. Por convenio escrito de las partes.
2. Por el demandante en el mero hecho de acudir a la corte interponiendo la demanda.
3 Por el demandado en el hecho de hacer, después de personado en el juicio, cualquiera gestión que no sea la de pedir que el juicio se celebre en la corte correspondiente."

"Artículo 82.—Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

"Artículo 323.—Un demandado comparece en un pleito cuando contesta, opone excepción previa, o notifica por escrito su comparecencia al demandante; o cuando un abogado hace constar su comparecencia por dicho demandado. Después de la comparencia, el demandado o su abogado, tendrá derecho a que se le notifiquen todos los procedimientos subsiguientes cuando corresponda. Pero si el demandado no ha comparecido, no habrá necesidad de que se le hagan las notificaciones o entrega de documentos a menos que se hallare en prisión con motivo del pleito, por falta de fianza."

El caso de *Aparicio Hnos.* v. *H. C. Christianson*, 23 D.P.R. 493, de ser correcto parecería ser decisivo de este caso. Nos encontramos en cierta desventaja en virtud de que no se hace referencia de dicha opinión en los alegatos de las partes y de que sólo fué ligeramente discutido durante la vista después de haberse llamado la atención de los letrados hacia la misma.

Ese era un caso en que los demandados, una razón social domiciliada en los Estados Unidos continentales, comparecieron especialmente para solicitar el levantamiento de un embargo. Esta corte resolvió después de mencionar el artículo 323, *supra,* que el primer paso de los demandados en dicho caso, aunque se llamara comparecencia especial, era sin embargo una comparecencia y un aviso de comparecencia y que los demandados, como en el presente caso, llamaron el escrito una comparecencia. Las autoridades generales a ese efecto fueron expuestas y no es necesario repetirlas en el curso de esta opinión. Puede consultarse todo el caso. Seguimos los casos de *Hernaiz Targa & Co.* v. *Vivas,* 20 D. P.R. 106, y *Ortiz* v. *Gómez,* 21 D.P.R. 507, al efecto de que cualquier comparecencia, excepto para atacar la jurisdicción de la corte, era una comparecencia general.

En el caso de Christianson se alegaba que como el estatuto enumeraba las comparecencias, éste excluía que se considerara como comparecencia todo aquello que no fuera una contestación, excepción previa o un aviso escrito sobre el hecho de la comparecencia. En uno u otro caso el demandado informó de su comparecencia y trató de limitarla a un fin especial.

En el presente caso es cierto que el demandado dijo que presentaba su moción "sin someterse a la jurisdicción ni a la competencia de la corte." La palabra competencia puede ser descrita como la corte donde el demandado tiene derecho a ser oído, dependiendo a los fines de este caso en su residencia. En el derecho común una persona podía ser demandada en una acción transitoria dondequiera que se hallara.

Ahora bien, el demandado no podía atacar la jurisdicción de la Corte de Distrito de Mayagüez por el hecho de residir en cualquiera otra parte de la isla. Debió solicitar el traslado del pleito. Su moción, sin embargo, no atacaba ni la jurisdicción ni la competencia de la corte. No era una com-

parecencia especial según la definición dada en esta jurisdicción.

En el caso de H. C. Christianson no había cuestión alguna de traslado pero puede decirse que allí se trataba de negar la jurisdicción a las cortes de Puerto Rico. Parece un poco fuerte que un demandado cuyos bienes han sido embargados no puede obtener que el embargo sea levantado inmediatamente sin someterse a la jurisdicción de la corte en que los bienes han sido embargados. No obstante, según la interpretación dada por esta corte, la regla es terminante. Hasta el momento en que se declara con lugar la moción de traslado, la corte original, es nuestra creencia, tiene poder para ordenar el levantamiento del embargo. Por tanto, debe ser posible para una de las partes en el litigio solicitar el traslado de un pleito y obtener la restitución de bienes de la corte que ha ordenado el embargo.

*La resolución apelada debe ser confirmada.*