ANDRÉS OJEDA, demandante y apelado, *v.* F. GAVILÁN, haciendo negocios bajo el nombre de F. GAVILÁN & COMPAÑÍA, demandado y apelante.

No. 6496.—*Sometido:* Febrero 15, 1934. *Resuelto:* Marzo 26, 1934.

*López de Tord & Zayas Pizarro,* abogados del apelante; *E. Rincón Plumey* y *E. Del Toro Fernández,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 10 de junio de 1933 se presentó la demanda origen de este pleito en la Corte de Distrito de San Juan reclamando al demandado $9,929.51, con más las costas y los gastos y honorarios de abogado.

Cinco días después compareció el demandado y manifestó a la corte que el mismo día de radicada la demanda el demandante obtuvo una orden sobre aseguramiento de sentencia a virtud de la cual se le embargó una casa y que deseaba levantar dicho embargo a cuyo efecto le pedía que fijara la fianza correspondiente. Se allanó condicionalmente el demandante y la corte ordenó el levantamiento solicitado previa prestación de una fianza por una suma igual a la reclamada en la demanda.

.Así las cosas, el demandado, el 20 de junio de 1933, pidió el traslado del pleito a la Corte de Distrito de Ponce porque en Ponce era que residía y donde hacía negocios y tenía su oficina principal. Invocó los artículos 81 y 82 del Código de Enjuiciamiento Civil. La moción aparece jurada por Elías López que no es el demandado ni su abogado.

A la página 18 de la transcripción se encuentra el siguiente

"AFFIDAVIT DE MÉRITOS.—Comparece Donald R. Dexter, Abogado del demandado, y expone bajo juramento: que es mayor de edad, abogado y residente en San Juan, Puerto Rico; que con fecha 20 de junio de 1933 radicó una moción de traslado y que refiriéndose a dicha moción el demandado ha relatado entera y fielmente el caso a su abogado; que el demandado tiene una buena y sustancial defensa en los méritos a la demanda del demandante, como la informa su abogado y verdaderamente cree ser cierto; y que el abogado que declara presta este juramento por envolver éste una cuestión legal y residir el demandado fuera del distrito, en Ponce, P. R.—San Juan, Puerto Rico, junio 30, 1933.—(Fdo.) Donald R. Dexter, Abogado del Demandado.—Jurado y suscrito ante mí por Donald R. Dexter, hoy día 30 de junio de 1933 en San Juan, Puerto Rico, a quien conozco personalmente.—(Fdo.) Héctor González Blanes, Secretario Corte Distrito.—Copia recibida hoy día 30 de junio de 1933.—(Fdo.) Enrique Rincón, Abogado del demandante."

A la página 19 hay un escrito de excepciones previas a la demanda fechado el 3 de julio de 1933 y notificado en igual fecha al abogado del demandante.

A la página 20 figura una moción de eliminación fechada y notificada al abogado del demandante el 30 de junio, 1933.

Y a la página 21 y siguientes una "Moción de traslado enmendada" fechada el 3 de julio, 1933, y jurada por el demandado en persona en Ponce el 1 de julio, 1933, y una orden de la corte de septiembre 18, 1933, aprobando la estipulación de las partes sometiendo a su consideración y resolución la moción de traslado, que decidió finalmente ocho días después. En su resolución narra la corte lo ocurrido hasta ese momento y termina como sigue:

"Por lo expuesto aparece claramente que cuando el demandado presentó su moción de traslado enmendada en 3 de julio de 1933, ya se había personado en autos y sometido a la jurisdicción y competencia de la Corte. Arts. 77 y 82 del Código de Enjuiciamiento Civil; U. S. Casualty Co. vs. Méndez, 38 D.P.R. 995; Buxó vs. Borinquen Sugar Co., 19 D.P.R. 360."

En el caso de *U. S. Casualty Co.* v. *Méndez*, 38 D.P.R. 995, citado por la corte se resolvió, copiando del resumen:

"Un demandado que comparece ante una corte a solicitar el le-

vantamiento de un embargo efectuado sobre bienes de su propiedad, renuncia a su derecho a insistir en el traslado del pleito al radicar más tarde moción en tal sentido.''

Si esa jurisprudencia fuera aplicable, la sumisión del demandado no podría discutirse, pero no lo es a virtud de lo dispuesto posteriormente por el legislador al enmendar en 1933 el artículo 77 del Código de Enjuiciamiento Civil en la siguiente forma:

''Artículo 77.—Se entenderá hecha la sumisión:

\* \* \* \* \* \* \*

''3. Por el demandado en el hecho de hacer, después de personado en los autos, cualquiera gestión que no sea la de pedir, que el juicio se celebre en la corte correspondiente *o, que se suspenda o levante el embargo que se hubiere decretado;* . . .'' Leyes de 1933, p. 213. Itálicas nuestras.

La enmienda estaba vigente al resolverse la moción de traslado. No lo estaba es cierto al solicitarse el levantamiento del embargo, pero ello no importa por tratarse de una regla de procedimiento de aplicación inmediata, de acuerdo con la doctrina establecida en los casos de *Iglesia Católica Apostólica Romana en Puerto Rico* vs. *El Pueblo,* 7 D.P.R. 358; *Cintrón et al.* vs. *Banco Territorial y Agrícola,* 15 D.P.R. 507; *Brenes* vs. *A. Hartman & Co.,* 17 D.P.R. 598; y *Arbona Hermanos* vs. *H. C. Christianson,* 26 D.P.R. 284.

El otro caso en que funda su resolución la Corte de Distrito de San Juan, *Buxó* v. *Borinquen Sugar Co.,* 19 D.P.R. 360 ha sido expresamente revocado en cuanto al extremo en controversia—cuándo y cómo debe solicitarse el traslado—por el de *Manescau* v. *Corte de Distrito,* 46 D.P.R. 136.

La jurisprudencia a aplicar es la establecida en el caso de *Ramos* v. *Lloveras,* 36 D.P.R. 685, a saber:

''Si se interpretan las palabras 'al tiempo de contestar o excepcionar la demanda' de acuerdo con el espíritu y objeto de la disposición que estamos considerando como que quieren decir 'en el momento o antes de contestar o excepcionar,' entonces la conclusión

a que llegó el comisionado codificador de California es una cuestión de poca monta. Pero las palabras 'comparece y' contenidas en la disposición anterior eran y son significativas, ya que indican la intención predominante en las mentes de los primeros legisladores—no obstante el desaliño con que fueron expresadas—a saber, al tiempo de la primera comparecencia de un demandado, ya fuere mediante contestación, excepción previa, o en cualquier otra forma. Ninguno de los casos citados combate la idea de un límite de tiempo y de una renuncia como el principio fundamental de la restricción estatutaria sobre el derecho del demandado, que de lo contrario es absoluto, a solicitar el traslado del juicio; y la mayoría de las decisiones, en tanto en cuanto se inclinan hacia una u otra dirección, tienden a sostener esa teoría.''

Y aplicándola a los hechos de este caso encontramos que la primera gestión que hizo el demandado que puede tomarse en consideración a los efectos del traslado fué solicitar éste el 20 de junio de 1933 por medio de una moción cuyo juramento puede admitirse que no era suficiente.

La segunda fué el 30 de junio de 1933 para archivar una moción eliminatoria y un *affidavit* de méritos suficiente en relación con la moción de traslado.

Bien puede sostenerse así que el acto comenzado a realizar el 20 de junio de 1933 terminó de realizarse en propia forma diez días después al archivarse el *affidavit* de méritos y la moción eliminatoria. Entre el 20 y el 30 de junio ningún acto llevó a efecto el demandado que implicara su sumisión a la Corte de Distrito de San Juan. La reclamación del fuero de su domicilio fué, pues, su primera gestión en el litigio acompañada, al quedar perfeccionada, de una moción eliminatoria.

En su consecuencia, sin necesidad de entrar a considerar la ''Moción de traslado enmendada'' presentada el 3 de julio siguiente acompañada de un escrito de excepciones previas, el derecho del demandado al traslado surge claro de su primera moción y debió en tal virtud reconocerse por la corte.

█ En su alegato sostiene el demandante que la competencia de la Corte de Distrito de San Juan es evidente si se

toma en consideración lo dispuesto en el artículo 78 del Código de Enjuiciamiento Civil, a saber:

"Artículo 78.—La residencia legal de los comerciantes en todo lo que concierna a actos y contratos mercantiles, y sus consecuencias, será el pueblo donde tuvieren el centro de sus operaciones comerciales. Los que tuvieren establecimientos mercantiles a su cargo en diferentes distritos judiciales, podrán ser demandados por acciones personales en aquél en que tuvieren el principal establecimiento, o en el que se hubieren obligado, a elección del demandante."

Y es evidente, alega, porque teniendo el demandado otro establecimiento en San Juan, fué en San Juan que se obligó para con el demandante.

El precepto invocado es de origen español. Equivale al artículo 65 de la antigua Ley de Enjuiciamiento Civil. Para decidir si es aplicable en la forma que sostiene el demandante, es necesario examinar la demanda. En ella se describe al demandado como "propietario, vecino de Ponce, P. R. y dedicado al comercio, que explota bajo la denominación de F. Gavilán & Co.," diciéndose además que "dicho demandado, también haciendo negocios a nombre de F. Gavilán & Co. tiene otra casa de negocios establecida en esta ciudad de San Juan, calle Tanca No. 9, para la compraventa de muebles de acero y material para oficinas." Se alega entonces el contrato celebrado entre demandante y demandado a virtud del cual el demandante quedó al frente de la casa de San Juan mediante el pago de ciertos sueldo y comisión, contrato que fué luego renovado y ampliado por otro que se inserta en la demanda y que comienza así:

"Con esta fecha y de acuerdo con el balance practicado en la sucursal de F. Gavilán & Co. radicada en Tanca No. 9 en San Juan, Puerto Rico, de cuya jefatura o administración cesa el Sr. Andrés Ojeda, abren nuevos libros a instancias de ambas partes (F. Gavilán y Andrés Ojeda) para que dicho Sr. Andrés Ojeda continúe los mismos negocios que en dicha sucursal de San Juan, P. R. bajo las siguientes nuevas condiciones:—1.—La casa principal de F. Gavilán & Co., de Ponce. . ."

La cantidad cuyo cobro se reclama es la consecuencia de las violaciones del contrato que el demandante atribuye al demandado.

En ninguna parte de la demanda consta alegado dónde fué que se obligaron las partes al celebrar el primer contrato. El que se transcribe en ella está fechado y firmado en Ponce por ambos contratantes. Nada se alega que se prescribiera expresamente sobre el tribunal al que deberían someterse los conflictos o reclamaciones que pudieran surgir.

Siendo ello así, no constando que el demandado se obligara en San Juan, pudiendo más bien deducirse de la propia demanda que se obligó en Ponce, no cabe la elección y debe ser demandado en su residencia legal que está en Ponce por ser esa ciudad el centro de sus operaciones comerciales, el lugar en que tiene su establecimiento principal.

No es éste el caso de una persona que hubiera contratado en San Juan con la sucursal de F. Gavilán & Co. y tuviera que establecer una reclamación contra F. Gavilán & Co. Aquí el demandante contrató en Ponce para ponerse al frente del negocio de San Juan, siendo Ponce en tal virtud el sitio del contrato, el lugar donde ambas partes se obligaron.

La cuestión es interesante y nos hemos visto obligados a estudiarla por nosotros mismos pues no fué considerada por la corte de distrito, ni tratada por el apelante, limitándose el apelado a suscitarla partiendo de la base de la aplicabilidad del artículo 78 del Código de Enjuiciamiento Civil en su última parte. Manresa en sus Comentarios a la Ley de Enjuiciamiento Civil nada dice especialmente sobre el artículo 65 y la jurisprudencia de la Corte Suprema de España interpretándolo que hemos consultado no lo ha sido en casos iguales al presente.

*Por virtud de todo lo expuesto, debe revocarse la resolución apelada y el caso devolverse a la Corte de Distrito de San Juan para ser trasladado a la del distrito de Ponce.*

Los Jueces Asociados Señores Wolf y Aldrey disintieron.*

---

* Nota: Véase el prefacio.