Vicente Zayas Pizarro, demandante y apelado, *v.* Henry G. Molina, demandado y apelante.

Núm. 7075.—*Sometido:* Mayo 18, 1936.—*Resuelto:* Noviembre 24, 1936.

*Dubón & Ochoteco,* abogados del apelante; *López de Tord & Zayas Pizarro,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Vicente Zayas Pizarro promovió en la Corte de Distrito de Ponce una acción de daños y perjuicios contra Henry G. Molina, quien solicitó el traslado de la causa a la

Corte de Distrito de San Juan, sitio de su residencia. La orden de traslado, decretada por la Corte de Distrito de Ponce en 14 de mayo de 1935, fué apelada y confirmada por esta Corte Suprema. *Zayas Pizarro* v. *Molina,* 48 D.P.R. 928. Arguyó entonces el demandante que de acuerdo con el artículo 79 del Código de Enjuiciamiento Civil, enmendado en 11 de abril de 1935, la causa de acción ejercitada debía ser juzgada en la Corte de Distrito de Ponce. Cuando se dictó esta orden, la enmienda aprobada por la Legislatura y citada por el demandado apelante no había comenzado a regir. (Ley núm. 18, aprobada en 11 de abril de 1935, Leyes de 1935, pág. 174.) No hay discusión en cuanto al alcance de esta enmienda de haber estado en vigor en la fecha en que el tribunal de Ponce decretó el traslado a la Corte de Distrito de San Juan.

Como dijimos entonces, esta corte no tenía que aguardar a que la citada ley de 1935 entrara en vigor para resolver el traslado. Sometídale la cuestión, era su deber decidirla de acuerdo con la ley vigente. Si el demandante, añadimos, estima que la nueva ley le favorece y que a ello tiene derecho, puede pedir que el caso vuelva a la corte de distrito en que tuvo origen la causa del litigio. Y esto es lo que ha hecho el demandante: solicitar que la causa sea trasladada a la Corte de Distrito de Ponce de acuerdo con la enmienda mencionada.

■■ Al resolver la moción de traslado la Corte de Distrito de San Juan dijo, entre otras cosas lo siguiente:

"Después de leer estos alegatos con bastante detenimiento, y de estudiar la ley, creemos que procede el traslado o devolución de la causa a la Corte de Distrito de Ponce, por el siguiente fundamento: este pleito está todavía en el incidente de traslado; no se ha discutido una sola moción interlocutoria, y mucho menos se ha contestado la demanda. El art. 79 del Cód. de Enj. Civil dice que 'deberán verse en el distrito en que la causa del litigio o alguna parte de ella tuvo su origen, los pleitos para obtener indemnización contra una compañía de seguro por cobro de un contrato de póliza, o para recobrar daños y perjuicios, o a virtud de *cualquier otro precepto de ley.*'

De manera que la enmienda consiste en adicionar éstos al antiguo precepto de ley, tal como fué enmendado en 1928. Si este pleito no se ha empezado a ver en este distrito, y si ahora la ley dispone que el pleito se vea en el sitio o distrito en donde se originó la causa del litigio, es innegable el derecho del demandante para pedir el traslado. . . . ''

Arguye el demandado que siendo claro su derecho al traslado en la fecha en que éste fué decretado, tiene un derecho adquirido (*vested right*) que una ley subsiguiente no puede anular. No estamos conformes. Es ésta una cuestión de procedimiento que no tiene el alcance que le atribuye el apelante.

En *Shelby-Downard Asphalt Co.* v. *Enyart,* 170 Pac. 708, se promovió una acción de daños y perjuicios, originada en el condado de Osage, contra la mencionada corporación, que tenía su domicilio y oficina principal en Ardmore, condado de Carter. La compañía demandada compareció especialmente y solicitó la anulación del emplazamiento, basándose en que la corte del condado de Osage carecía de jurisdicción para mantener la acción y emplazarla en el condado de Carter. Dicha moción fué declarada con lugar y la acción desestimada sin perjuicio. Algún tiempo después se promovió de nuevo la misma acción contra la referida compañía, la ciudad de Pawhuska y L. A. Arms. La compañía compareció especialmente y atacó la jurisdicción de la corte, sosteniendo que los nuevos demandados fueron incluídos en la demanda, sin ser partes interesadas, con el propósito de darle a la corte del condado de Osage jurisdicción en la acción. La corte sostuvo la moción para anular el emplazamiento y desestimó la acción sin perjuicio. Ambos pleitos fueron iniciados en el año 1912. En marzo 22, 1913, la ley fué enmendada permitiendo que la acción pudiese ser interpuesta en el sitio donde se originó. En enero 1914, se inició por tercera vez el mismo litigio en el condado de Osage. La compañía demandada compareció especialmente y solicitó la

nulidad del emplazamiento alegando que la corte carecía de jurisdicción. Esta moción fué desestimada, y celebrado juicio en el referido condado, se dictó sentencia en favor del demandante. La parte demandada apeló de esta sentencia,. insistiendo en la falta de jurisdicción del tribunal donde se inició el pleito. La Corte Suprema de Oklahoma, resolviendo la cuestión planteada, se expresó así:

"La corte sentenciadora, al sostener la moción para anular el emplazamiento practicado en el Condado de Carter en la primera demanda, se basó en el artículo 4674 de las leyes revisadas de 1910 y sostuvo que bajo esta sección la compañía demandada, siendo una corporación doméstica, tenía derecho a insistir en que la acción fuese promovida en el Condado de su domicilio, donde estaban localizados su oficina principal y sitio de negocios, o en el condado donde sus principales funcionarios residían o podían ser emplazados. Al declarar sin lugar la moción de la demandada en la tercera demanda, la corte se basó en la enmienda que se hizo a esta ley en marzo 22, 1913, permitiéndose que la acción fuese mantenida en el Condado de Osage porque allí se originó la causa de acción.

*　　*　　*　　*　　*　　*　　*

"El demandante en error insiste que esta enmienda no puede aplicarse a una causa de acción que se había originado y tenía ya existencia al tiempo de entrar la enmienda en vigor, siendo aplicable solamente a las causas de acción originadas después de marzo 22, 1913, fecha en que la enmienda comenzó a regir. Con estos puntos de vista no estamos de acuerdo nosotros, porque esta enmienda se relaciona únicamente con el procedimiento y nadie tiene un derecho adquirido (*vested right*) en ningún modo particular de procedimiento para defender o hacer efectivos sus derechos."

Más adelante dice la misma corte:

"Bajo la bien establecida regla de que un estatuto que se aplica exclusivamente a procedimiento debe surtir efecto retroactivo, a menos que aparezca que la legislatura intentó que operara prospectivamente, nosotros opinamos que esta enmienda debe ser interpretada en el sentido de comprender y abrazar causas de acción existentes al tiempo de entrar la ley en vigor, del mismo modo que aquellas. que se originaren después."

Como se ve, de acuerdo con la Corte Suprema de Oklahoma, no existe derecho adquirido que pueda impedir la aplicación del principio de la retroactividad de la ley.

Este tribunal ha sostenido en repetidas decisiones la misma doctrina. En *Ojeda* v. *Gavilán*, 46 D.P.R. 399, el demandado compareció ante una corte de distrito solicitando el levantamiento de un embargo decretado a solicitud del demandante y posteriormente presentó una moción pidiendo el traslado del pleito a otra corte de distrito. De acuerdo con el artículo 77 del Código de Enjuiciamiento Civil, vigente cuando se presentó la solicitud de embargo, el demandado, en virtud de la misma, quedó sometido a la jurisdicción de la corte donde se inició el pleito. Más tarde el referido artículo fué enmendado en el sentido de impedir que esta comparecencia surtiese el efecto de una sumisión. Esta corte resolvió que la enmienda, por tratarse de una regla de procedimiento, de aplicación inmediata, tenía efecto retroactivo, revocando la decision de la corte inferior. *Iglesia Apostólica Romana en P. R.* v. *El Pueblo*, 7 D.P.R. 358; *Cintrón et al.* v. *Banco Territorial*, 15 D.P.R. 507; *Brenes* v. *A. Hartman & Co.*, 17 D.P.R. 598; *Arbona Hermanos* v. *H. C. Christianson*, 26 D.P.R. 284. Esta misma doctrina fué ratificada en el caso de *López* v. *Am. R. R. Co. of P. R.*, ante, pág. 1.

Se arguye por el apelante que en el caso citado la enmienda estaba en vigor cuando se presentó la moción de traslado, mientras que en el presente caso la orden trasladando la causa a la Corte de Distrito de San Juan había sido decretada antes de entrar la enmienda en vigor. Así es, en efecto, pero no existe, a nuestro juicio, diferencia alguna en cuanto a los efectos legales. La moción de traslado que en estos momentos discutimos fué presentada cuando ya la enmienda había comenzado a regir, y no creemos que el tribunal inferior haya cometido error alguno al decretar el traslado solicitado de acuerdo con la jurisprudencia repetidamente sostenida por este tribunal. Las dis-

tinciones que trata de establecer el apelante entre este caso y los que han sido ya resueltos por esta corte carecen de importancia en lo que atañe al efecto retroactivo de la ley.

*Debe confirmarse la resolución apelada.*

Los Jueces Señores Presidente del Toro y Asociado Travieso no intervinieron.