Feliciano Acevedo, Juez Ponente
*1064 TEXTO COMPLETO DE LA SENTENCIA
I
El Sr. Ramón Matías Collazo apela la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante TPI), el día 19 de abril de 2001 mediante la cual se le privó a éste y a la Sra. Haydeé Rosario de la patria potestad de la menor J.M.R.
Los padres de la menor J.M.R., nacida con el virus de S.I.D.A., fueron privados de la custodia de ésta el 14 de junio de 1995, siendo la niña una recién nacida. La menor fue entregada a la Sra. Consuelo Matos Ruiz, cuyo hogar fue evaluado por el Departamento de la Familia y recomendado como hogar adecuado para la menor. Finalmente, el 14 de febrero de 1996, el TPI adjudicó la custodia legal de la menor al Departamento de la Familia y le ordenó que ubicara a la menor en el hogar que entendiera más conveniente para el bienestar de la niña. La menor continuó en el hogar de la Sra. Matos Ruiz.
El 25 de junio de 1999, el Departamento de la Familia presentó demanda sobre privación de patria potestad contra los padres de la menor J.M.R. El Sr. Matías Collazo contestó la demanda luego de un año de habérsele emplazado. La Sra. Rosario nunca contestó la demanda ni compareció, por lo cual le fue anotada la rebeldía por el foro de instancia. El 19 de abril de 2001, el TPI dictó sentencia en la cual dispuso, entre otros asuntos, lo siguiente:
"De la prueba desfilada y creída por este Tribunal, se desprende que ambas partes demandadas incumplieron consistentemente, y al día de hoy, con los deberes que le impone el ejercicio responsable de la Patria Potestad sobre la menor J.M.R.

Las partes demandadas Sr. Ramón Matías y Sra. Haydeé Rosario quedan privados por este Tribunal de la Patria Potestad que ejercen sobre la menor J.M.R." 

Inconforme, el apelante señala que erró el Tribunal de Primera Instancia al privarle de la patria potestad de la menor J.M.R.:

‘‘1. sin un debido proceso de ley, al no poder corroborar ni controvertir la prueba en el expediente del Departamento de la Familia que dio base a la privación de patria potestad.

2. sin que la demandante-recurrida probara por prueba clara y convincente que la privación de patria potestad procede conforme a los mejores intereses de la menor, conforme a la anterior Ley Núm. 75, del 28 de mayo de 1980, vigente al tiempo de los hechos, y la Ley Núm. 342 de 16 de diciembre de 1999, vigente al tiempo de la determinación de privación patria potestad. ”

Debido a que ambos señalamientos de error se refieren a la apreciación de la prueba realizada por el tribunal sentenciador, se solicitó exposición narrativa de la prueba presentada, conforme la Regla 19 de nuestro Reglamento. Luego de varios pormenores procesales, acogimos la transcripción de la vista ante la necesidad de examinar la prueba pericial vertida por los trabajadores sociales y con el propósito de evitar mayores dilaciones.
II
El presente caso se desarrolla durante la evolución de la política pública relacionada al bienestar de los menores, originalmente expresada en la Ley Núm. 75 de 28 de mayo de 1980, según enmendada, conocida como la Ley de Protección a Menores y ahora establecida en la Ley Núm. 342 de 16 de diciembre de 1999, conocida como la Ley para el Amparo de Menores en el Siglo XXI. La demanda sobre privación de custodia fue instada durante la vigencia de la Ley Núm. 75, pero el desarrollo del caso y la eventual sentencia del TPI apelada en el presente recurso, fue conducida bajo la Ley Núm. 342.
*1065 Nuestro Código Civil dispone en el Art. 3 que “[l]as leyes no tendrán efecto retroactivo, sino dispusieren expresamente lo contrario. En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior31 L.P.R.A. § 3. En atención a dicho precepto y reconociendo su efecto, nuestro Tribunal Supremo expresó recientemente en Aponte v. Barbosa Dieppa, 145 D.P.R. _, 98 JTS 105, que la disposición antes transcrita “sólo tiene el alcance de una regla general de interpretación de estatutos. No es un principio rígido de aplicación absoluta”. Warner Lambert Co. v. Tribunal Superior, 101 D.P.R. 378, 385, (1973). Aun si la ley no dispone expresamente su aplicación retroactiva, como es ahora el caso, cuando dicha interpretación resulta ser la más razonable a tenor con el propósito legislativo, procede su aplicación. Díaz v. Srio de Hacienda, 114 D.P.R. 865, (1983). Más aún, una ley de interés público que intenta corregir un mal social y que también intenta cambiar el modo en que hayan de verificarse los procesos judiciales para proteger los derechos de las partes, debe aplicarse retroactivamente. Arbona Hermanos v. H.C.Christianson & Co., 26 D.P.R. 284, (1918). Esta es precisamente la situación que tenemos ante nos.
III
En el primer señalamiento de error, el apelante alega que a tenor con el debido proceso de ley, era necesario que la Trabajadora Social del Departamento de la Familia presentara y acompañara a la vista del caso el expediente del caso llevado por dicha agencia. Cuestiona el que no se presentara prueba documental que apoyara lo declarado por la Trabajadora Social del Departamento de la Familia, testimonio sobre el cual descansó primordialmente la parte demandante para demostrar el alegado incumplimiento de los padres de la menor con el plan de rehabilitación establecido por el Departamento de la Familia y la Administración de Servicios de Salud Mental y Contra la Adicción. De otra parte, la Procurada de Relaciones de Familia, para Situaciones de Maltrato, arguye que no era necesario que la Trabajadora Social presentara el expediente del caso el día de la vista sobre privación de patria potestad. Expresa que en el expediente del TPI obran dos informes sobre los trámites realizados por la Trabajadora Social del caso, los cuales estuvieron disponibles para examen de todas las partes. 
Durante el testimonio de la Trabajadora Social, ésta expresó que la menor fue entregada a la Sra. Matos con tan sólo trece días de nacida. Manifestó que, ciertamente, el Departamento de la Familia, luego de que obtuvieron la custodia legal de la niña, no promovieron las relaciones paterno y materno filiales, ya que los padres no cumplieron con el plan de servicios y no mostraron interés en las mismas. Además, señaló que la menor no reconoce a su padre. Finalmente estableció que el plan de la agencia es dar a la menor en adopción. A esto, la Sra. Matos Ruiz dijo, durante su testimonio, que ella y su esposo desean adoptar a la menor. 
La Sra. Matos Ruiz expresó que su esposo y ella se hicieron cargo de la menor luego de que los padres de ésta se lo solicitaran, conociendo de la condición de S.I.D.A., nacimiento prematuro y dos paros respiratorios producto del consumo de sustancias controladas por la madre de la niña. Expresó que ambos son los padrinos de bautismo de la niña y que se hicieron cargo de llevar a la niña al tratamiento médico necesario para su condición, de la cual se encuentra recuperada. Finalmente señaló que la menor los reconoce como sus padres. 
Durante el testimonio del apelante, éste declaró ser padre de otro menor de año y medio de edad, el cual, a pesar de estar bajo su custodia, vive con la hermana del apelante. Declaró además, que en el año 1999 fue privado de la custodia de otro menor; esto es, cuatro años luego de la remoción de la menor J.M.R. Finalmente, aceptó que no tiene reparos a que la Sra. Matos Ruiz conserve la custodia de la niña. 
En innumerables ocasiones, hemos reiterado la norma relacionada al peso de la prueba y el valor probatorio del testimonio prestado durante un juicio. Basta el testimonio de un sólo testigo con conocimiento personal de la materia objeto del litigio que le merezca credibilidad al tribunal para establecer cualquier hecho. Regla 10(D) de Evidencia, 32 L.P.R.A. Ap. IV, R.10(D). Miranda Soto v. Mena Eró, 109 D.P.R. 473, 481-2 (1980). Los hechos se establecen por el valor probatorio del testimonio del testigo o testigos que se presenten y no por el número de éstos. Regla 10(E) de Evidencia, 32 L.P.R.A. Ap. IV, R.10(E).. Mercado v. American Railroad Co., *1066 61 D.P.R. 228, 232-3 (1943); Ballester v. Farm & Dairy Products, Inc., 58 D.P.R. 479, 481 (1941). Finalmente, es norma harto conocida que el juzgador de los hechos quien oyó y vio declarar a los testigos, y apreció su posición, comportamiento o demeanor es quien está indudablemente en la mejor posición para aquilatar la prueba testifical desfilada. López Vicil v. I.T.T. Intermedia, Inc., 143 D.P.R. 574 (1997); Ortiz v. Cruz Pabón, 103 D.P.R. 939 (1975). En ese sentido, el juzgador de los hechos puede muy bien descartar el testimonio de un testigo si no le merece crédito o credibilidad, aun cuando no haya prueba en contrario. Esta norma cobra mayor importancia cuando existen elementos altamente subjetivos en la prueba.
Hemos examinado la transcripción de la prueba oral vertida ante el foro de instancia y no encontramos que el mismo haya abusado de su discreción al darle credibilidad a los testimonios de la Trabajadora Social a cargo del caso y a la Sra. Matos Ruiz.
IV
El apelante aduce que la demandante no demostró que procedía la privación de la patria potestad mediante prueba clara y convincente. En síntesis, señala que no están presentes ninguna de las causales de la Ley Núm. 342, supra, que no se demostró que la.privación de la patria potestad promovería el mejor interés del menor y que el Departamento de la Familia no cumplió con la política de rehabilitación del padre establecida en la Ley Núm.75.
La prueba vertida ante el tribunal sentenciador demostró la existencia de varias de las causales establecidas por la Ley Núm. 342 para la privación de la patria potestad. El Art. 49 de la Ley establece que el tribunal podrá ordenar la privación de la patria potestad en los casos en que el padre y/o madre consientan a ello, por escrito, ante un juez y asistidos por abogados. Igualmente, el tribunal basado en evidencia clara y convincente que demuestre que dicha privación promueve el mejor interés del menor, puede privar de la patria potestad cuando:

“(1) El padre y/o la madre no está dispuesto o es incapaz de tomar responsabilidad y proteger al menor de riesgos a su salud e integridad física, mental, emocional y/o moral y esas circunstancias no cambiarán dentro de un período de seis (6) meses de haberse iniciado los procedimientos según la evidencia presentada en el caso;

(2) el menor ha sido abandonado;

(3) el padre y/o la madre no ha hecho esfuerzos de buena fe para rehabilitarse y reunirse con el menor;

(4) el menor ha permanecido en un hogar de crianza o sustituto durante doce (12) de los veintidós (22) meses más recientes, o

(5) no hay que hacer esfuerzos razonables por darse cualesquiera de las circunstancias dispuestas en la sec. 443k de este título [Art. 46], ” 

De los autos del caso se desprende indubitablemente que la menor J.M.R. ha estado en el hogar de la Sra. Matos Ruiz desde apenas días de nacida, siendo ésta quien atiende todas sus necesidades físicas, como emocionales. No son sólo doce meses, son cuatro años de dedicación, esfuerzo, y crianza invertidos por la Sra. Matos Ruiz y su esposo.
Del testimonio no controvertido de la Sra. Matos Ruiz, se desprende que la niña la reconoce a ésta y a su esposo como sus padres. La selección del hogar de la Sra. Matos Ruiz no se dio en el vacío, sino que fueron los padre de la menor quienes le solicitaron a éste que sirviera de hogar recurso para la pequeña. Desde la entrega de niña, los padres no han realizados esfuerzos por relacionarse con la menor. La custodia permanente de la menor fue adjudicada al Departamento de la Familia luego de los padres de la menor incumplieran con el plan de servicios y rehabilitación preparado por la agencia conforme lo disponía la Ley Núm. 75, supra. *1067 Posteriormente, el apelante fue privado de la custodia de otro menor, el cual, al presente, tiene un año y medio y cuya custodia le fue devuelta. A pesar de ello, el menor no reside con el apelante, sino con una tía. 
Todo ello son razones suficientes en derecho para privar a un padre de la patria potestad de un menor y proteger su mejor interés. Sobre lo que constituye prueba clara y suficiente en derecho, bástenos referimos a lo previamente expresado en la sección III de esta sentencia.
V
A la luz de las circunstancias y el derecho aplicable a las mismas, se confirma la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 19 de abril de 2001.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 63
1. Sentencia de 14 de febrero de 1996, Anejo XIII, Escrito de Apelación.
2. Véase, Minuta de 11 de octubre de 2000, Anejo IX de Escrito de Apelación.
3. Sentencia de 19 de abril de 2001, Anejo XII de Escrito de Apelación.
4. En adelante Ley Núm. 75.
5. En adelante Ley Núm. 342.
6. La Ley Núm. 342 de 16 de diciembre de 1999 sustituyó la Ley Núm. 75 de 28 de mayo de 1980.
7. Los informes fueron rendidos el 2 de julio y 29 de septiembre de 2001. Véase Regrabación de Vista, págs. 25, 26 y 49.
8. Véase Regrabación de Vista en la pág. 82.
9. Véase Regrabación de la Vista, en las págs. 73 a la 88.
10. Regrabación de la Vista, en la pág. 135.
11. Art. 49 de la Ley Núm. 342, supra, 8 L.P.R.A. § 443n (énfasis suplido).
12. Véase Sentencia de 24 de febrero de 2000, Anejo II del Escrito de Apelación; y Regrabación de la Vista, en las págs. 118-119.