ENCARNACIÓN FUENTES, JOSÉ SUÁREZ FUENTES y RAFAEL BERRÍOS CABRERA en representación y como tutor del menor JOHNNY SUÁREZ MIRANDA, demandantes y apelantes, *v.* SOL L. DESCARTES, SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelado.

Número 11311.

*Sometido:* 7 de marzo de 1956.—*Resuelto:* 10 de marzo de 1958.

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella y C. Morales, Jr.,* abogados de los apelantes; *Hon. Secretario de Justicia José Trías Monge y Cándido Ceballos, Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Encarnación Fuentes, viuda de Marcial Suárez Suárez y dos herederos de éste nombrados José Suárez Fuentes y Johnny Suárez Miranda, menor representado por su tutor Rafael Berríos Cabrera, interpusieron ante el Tribunal Superior un recurso de *injunction* contra el Secretario de Hacienda. En la demanda alegaron, en síntesis, que en 5 de octubre de 1951, el demandado tasó la contribución sobre ingresos adeudada por Marcial Suárez Suárez para los años 1941 a 1946 ambas inclusives, ascendente en total dicha contribución a la suma de $161,276.96; que la indicada tasación es nula porque al hacer la imposición de deficiencia de la contribución adeudada, el Secretario de Hacienda no cumplió con lo dispuesto en la sec. 57(a) de la Ley de Contribuciones sobre Ingresos que requiere una notificación preliminar a los contribuyentes y una final, por correo certificado, de cuya notificación final pueden apelar éstos al Tribunal Superior; que con posterioridad a la tasación de la contribución sin mediar la notificación final que requiere la ley, el Secretario de Hacienda procedió a anotar embargo sobre todas las propiedades de la Sucesión; que dicho embargo no permite a los contribuyentes el pleno goce y disfrute de sus propiedades y están siendo perjudicados por la actuación ilegal del demandado; que los demandantes carecen de un remedio en ley por cuanto nunca recibieron una notificación final de la cual hubiesen podido apelar al Tribunal Superior, ni está a su alcance el remedio de pagar la contribución y solicitar su reintegro ya que no existe deuda legal alguna impuesta a los demandantes. La demanda termina con la súplica de que se ordene al demandado que anule las órdenes de embargo y retire del cobro los recibos expedidos, así como también que proceda a notificar las deficiencias determinadas preliminarmente al causante Marcial Suárez Suárez, en la forma que dispone la ley.

El demandado Secretario de Hacienda, presentó una moción de desestimación del recurso alegando (a) que el tribunal carecía de jurisdicción para entender en el caso en virtud de lo dispuesto en los incisos 3 y 7 del art. 3 de la Ley núm. 1 aprobada en 25 de febrero de 1946, y (b) que los demandantes tenían un remedio rápido y adecuado en ley para litigar la cuestión en controversia, y no habiendo agotado dicho remedio carecían de causa de acción para invocar el recurso equitativo de *injunction*.

Presentó además el demandado una moción solicitando que se dictara sentencia sumaria a su favor porque (1) la cuestión envuelta en este recurso fué discutida y resuelta en el caso Núm. 1–301 incoado por los demandantes ante el extinto Tribunal de Contribuciones de Puerto Rico, siendo por tanto, cosa juzgada; (2) los hechos básicos que dan lugar a la demanda de injunction fueron aceptados por los demandantes en el citado recurso 1–301; (3) los demandantes renunciaron expresamente a la notificación final de deficiencia; (4) los demandantes aceptaron y consintieron en la tasación de la contribución y están impedidos de levantar la cuestión de falta de notificación, y (5) los demandantes han incurrido en demora (*laches*) en perjuicio del demandado ya que ha prescrito el derecho de éste para volver a tasar y cobrar dichas contribuciones.

En 23 de diciembre de 1953, el tribunal a quo dictó una resolución declarando sin lugar la solicitud de injunction. Contra dicha resolución interpusieron los demandantes el presente recurso de apelación.

■ Los fundamentos de la resolución apelada no están expuestos claramente en la opinión emitida por el tribunal a quo. Todo lo que se dice en dicha opinión es que los demandantes no tomaron en consideración las disposiciones del art. 57 (c), ni las del art. 62 (a) y (b) de la Ley de Contribuciones sobre Ingresos. (¹) Luego se copian dichas dispo-

---

(¹) El art. 57 (c) faculta al Secretario de Hacienda para que cuando dicho funcionario creyere que la tasación de una deficiencia ha de ser

siciones, sin discutirse su aplicabilidad a los hechos expuestos en la demanda de injunction. Sigue diciendo la opinión que los demandantes tampoco han tenido presente el contenido de la Ley núm. 232, aprobada en mayo 10 de 1949.([2]) Dice además la opinión que de las alegaciones de los demandantes no se puede inferir que el Secretario de Hacienda, al cumplir las obligaciones que la ley le impone, "ha infringido, o habrá de infringir, en forma no remediable, derecho alguno del demandante". Finalmente dice la opinión que es deber del tribunal tener presente las disposiciones de la Ley núm. 1 de 25 de febrero de 1946.([3])

Es evidente que el tribunal a quo dictó en este caso sentencia por las alegaciones a base de la moción para desestimar presentada por el demandado y que no consideró ni resolvió la moción sobre sentencia sumaria. Así lo admite el demandado apelado en su alegato ante este tribunal.

En resumen, son tres los fundamentos invocados por el tribunal sentenciador para desestimar la solicitud de injunction. El primero de ellos descansa en la facultad que la ley concede al Secretario de Hacienda para tasar y requerir el pago de una deficiencia mediante el procedimiento de apremio (*jeopardy assessment*) establecido en las secs. 57(*c*) y 62(*a*) y (*b*) de la Ley de Contribuciones sobre Ingresos. Este fundamento es erróneo y no merece ulterior consideración ya que ni de las alegaciones de la demanda ni de

comprometida por la demora, tase inmediatamente dicha deficiencia y haga la notificación y requerimiento para el pago de la misma (*jeopardy assessment*), y en el art. 62 (*a*) y (*b*) se establece el procedimiento a seguirse cuando el Secretario de Hacienda tasa una deficiencia de acuerdo con la subdivisión (*c*) de la sec. 57.

([2]) Esta ley concede al contribuyente el derecho a solicitar el reintegro o crédito de una contribución cuando creyere que la ha pagado o que le ha sido cobrada ilegal o indebidamente, o en exceso de la cantidad debida.

([3]) Esta ley prohibe la expedición de órdenes de injunction para impedir la imposición o cobro de cualquier contribución establecida por las leyes de Puerto Rico.

las alegaciones del Secretario de Hacienda se desprende que dicho funcionario hubiera seguido en este caso el procedimiento de apremio (*jeopardy assessment*).

El segundo fundamento de la resolución apelada es el de que los demandantes tenían a su alcance el remedio legal de pagar la contribución y luego solicitar su reintegro a tenor con las disposiciones de la Ley núm. 232, aprobada en 10 de mayo de 1949.

En vista del cambio de legislación ocurrido con posterioridad a la fecha de la sentencia apelada, se hace innecesario entrar a considerar la cuestión referente a la existencia de un remedio legal. Nos explicamos. La sec. 57(*a*) 10 de la Ley de Contribuciones sobre Ingresos, fué enmendada por la Ley núm. 9 de 8 de octubre de 1954. Dicho apartado 10 dispone ahora lo siguiente:

"(10) No se hará la tasación de una deficiencia con respecto a la contribución impuesta por esta Ley, ni se comenzará o tramitará procedimiento de apremio o procedimiento en corte para su cobro, antes de que la notificación de la determinación final a que se refiere el párrafo (1) haya sido enviada por correo certificado al contribuyente, ni hasta la expiración del término concedido por esta ley al contribuyente para recurrir ante el Tribunal Superior contra dicha determinación final, ni, si se hubiere recurrido ante el Tribunal Superior, hasta que la sentencia del Tribunal sea firme. *No obstante las disposiciones de ley en contrario, dicha tasación, o el comienzo de dicho procedimiento de apremio o procedimiento en corte durante el período en que aquí se prohiben, podrán ser impedidos o anulados mediante procedimiento judicial.*" (Bastardillas nuestras.)

La anterior disposición claramente abre al contribuyente las puertas de los tribunales, independientemente de la existencia de otro remedio, para impedir mediante órdenes de *injunction* la tasación y cobro de una contribución en las circunstancias allí expuestas. Por tratarse de una enmienda

208

de carácter procesal la misma es de aplicación a un caso como el presente, que aún está en trámite.(⁴)

Al resolver este recurso no hemos considerado los méritos de las cuestiones planteadas por el Secretario de Hacienda en su moción de sentencia sumaria, como tampoco lo hizo el tribunal a quo, el que deberá resolverla en su oportunidad.

*Debe revocarse la resolución apelada y devolverse el caso al tribunal de origen para ulteriores procedimientos.*

Los Jueces Asociados Sres. Saldaña y Santana Becerra no intervinieron.

(⁴) Véase *Suárez* v. *Tugwell*, 67 D.P.R. 180; *In re Hall*, 167 U. S. 38, 42 L. Ed. 69; *Pueblo* v. *Tribunal Superior*, 75 D.P.R. 535; *Cintrón* v. *Banco Territorial y Agrícola*, 15 D.P.R. 507, 533; *Zayas Pizarro* v. *Molina*, 50 D.P.R. 647, 650 y 651; *López* v. *American Railroad Co. of P. R.*, 50 D.P.R. 1, 11; *Ojeda* v. *Gavilán*, 46 D.P.R. 399, 402.