DIEGO G. GONZÁLEZ, demandante y apelante, *v.* SECRETARIO DE HACIENDA, demandado y apelado.

*Número:* 12685   *Resuelto:* 24 de mayo de 1962

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella, C. Morales, Jr., Federico Ramírez Ross* y *Juan E. Serrallés III,* abogados del apelante; *Hiram R. Cancio, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar de Justicia* y *Cándido Ceballos,* abogados del Secretario de Hacienda de Puerto Rico.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: ■ Este caso envuelve una situación similar a la de *Fuentes* v. *Srio. de Hacienda,* (1962) 85 D.P.R. 492. En 18 de agosto de 1953 el demandante Diego González interpuso demanda de *injunction* en la Sala de San Juan del Tribunal Superior alegando que en 10 de marzo de 1952 el Secretario de Hacienda le *tasó* deficiencias en la contribución sobre ingresos para los años de 1943 al 1949, ambos inclusive, en la cantidad de $37,972.85; que al hacer la anterior imposición el Secretario no cumplió con lo dispuesto en la sección 57(a) de la Ley de Contribuciones sobre Ingresos de 1924 que requiere una notificación al contribuyente por correo certificado de la cual éste pueda apelar al Tribunal Superior; que por no haber hecho el Secretario tal notificación *final* la tasación de la contribución era inválida y nula. Solicitó que se ordenara al Secretario retirar del cobro las referidas contribuciones y proceder a notificar de acuerdo con la ley las deficiencias determinadas.

Contra la demanda el Secretario de Hacienda interpuso moción solicitando que se dictara sentencia sumariamente a su favor. Sometió con dicha moción una declaración jurada exponiendo: (1) que el 22 de octubre de 1951 cursó al demandante una notificación tentativa de deficiencias por correo *certificado Núm. 9692* por los años 1943 al 1949,

ambos inclusive, en la cantidad de $65,345.18; (2) que en 23 de noviembre de 1951 el demandante solicitó reconsideración de dicha notificación de deficiencias; (3) que en 13 de diciembre de 1951 cursó al demandante una notificación definitiva de deficiencias por correo *certificado Núm. 10274* para los mismos años, por el monto de $65,484.32; (4) que posteriormente el demandante solicitó se le permitiera someter evidencia adicional a la ya sometida y a tal efecto señaló el 25 de enero de 1952 para considerar dicha evidencia; (5) que a virtud de la misma procedió a reajustar las deficiencias notificadas el 13 de diciembre de 1951, y el 14 de febrero de 1952 el demandante aceptó dichas deficiencias así reajustadas firmando la "Renuncia a las Restricciones para la Tasación y Cobro de la Deficiencia en Contribución" para todos y cada uno de los años en controversia; y (6) que como el demandante no hizo efectivo el pago de estas deficiencias, en 10 de marzo de 1952 procedió a tasar la contribución según fue aceptada.  Copia de las referidas renuncias a las restricciones para la tasación firmadas por el demandante en 14 de febrero de 1952 fueron unidas a la moción sobre sentencia sumaria.

Oídas las partes, en 8 de noviembre de 1954 la Sala sentenciadora denegó la demanda de *injunction*.  Apelado el asunto, este Tribunal revocó dicha decisión en 11 de marzo de 1958 en sentencia dictada por los fundamentos de lo resuelto en el caso de *Fuentes* v. *Srio. de Hacienda* 80 D.P.R. 203, y devolvimos el caso a la Sala de instancia para ulteriores procedimientos.  De nuevo ante la Sala sentenciadora el Secretario sometió el caso por la prueba que acompañó a su moción sobre sentencia sumaria.  El demandante no impugnó dicha prueba.  En 23 de enero de 1959 la Sala sentenciadora concluyó que el Secretario de Hacienda había notificado al demandante determinaciones contributivas por correo certificado en octubre 22 y en 13 de diciembre de 1951, antes de tasar, y había cumplido con las disposiciones de la

sección 57(a) de la Ley. Siendo así declaró sin lugar la demanda de *injunction*.

En 22 de abril de 1959 el demandante radicó escrito de apelación. Todos los fundamentos expuestos en el caso que acabamos de resolver de *Fuentes* v. *Srio. de Hacienda*, *supra*, para sostener la sentencia allí apelada, son aplicables también para sostener la sentencia en este caso. Con más razón aún, ya que en el caso presente no existe el problema del fallecimiento, ni el de la representación de un albacea o administrador judicial. La notificación de la determinación final fue hecha al propio demandante y él personalmente suscribió los llamados documentos de renuncia de restricciones para tasar y personalmente aceptó la contribución reducida de $65,484.32 a $37,972.85. ■

El escrito de apelación interpuesto en este caso es igual al que se interpuso en el de Fuentes. *Como en ése, esta apelación será desestimada por falta de una cuestión constitucional.*